## SUPREME COURT.

### WARD agt. RUCKMAN and others.

A motion to open a default—an inquest, taken at the *circuit*, will be denied where the excuses are, 1st, absence of a material witness, and 2d, engagement of counsel before a *referee*.

*New York Special Term, July,* 1862.

THIS is a motion to open a default.

BARNARD, Justice. Defendant moves upon the printed case of *Ruckman* agt. *Ward,* and upon the affidavits of Welcome R. Beebe, Elisha Ruckman and James C. Voorhees. Plaintiff opposes on the affidavits of Isaiah T. Williams, Henry Ward (three affidavits) and Thomas Sadler.

Mr. Beebe's affidavit discloses two professed grounds: 1st. Absence of a material witness; 2d. Engagement of counsel, *i. e.,* Beebe.

The first ground was good, if taken at the trial, after due diligence shown. If it was not taken there, it was a neglect which should not be excused, for it is trifling with the court to permit it to go on with a trial, when a good reason exists for its postponement, which reason the party

conceals with the purpose of bringing it forward upon a motion for a new trial.

But it appears from the affidavits that the judge at the circuit was moved on that ground to let the cause go off, and refused. It was in the discretion of the judge, who had the best opportunity to judge of the good faith of the application, much better than the judge hearing this motion can have.

As to the second ground, the defendant carefully evades saying whether he made any application to the referee to be permitted to adjourn for the purpose of attending the circuit, and rests upon what he says is the general practice of Mr. Kirkland, the referee, i. e., to refuse adjournments on this ground.

But supposing that Mr. Beebe had made the application and been refused ; can it be supposed that the circuit, with all its costly machinery of jury, officers, salaried judges, not to mention the expenses of parties and witnesses, is to stand still for a referee ?

W. Voorhees's affidavit discloses that the two grounds were presented to Mr. Justice HOYT at the trial, and passed upon by him, he declaring neither to be good, and directing the inquest.

Upon the moving affidavits there is no ground for opening the default.

Motion denied, with ten dollars costs.